IN THE DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES

CASE NO: 8:15-CR-436-T-23TGW

V

MARIO BAUTISTA ABARCA

_____/

**DEFENDANT'S SENTENCING MEMORANDUM
AND REQUEST FOR REASONABLE SENTENCE**

COMES NOW THE DEFENDANT, MARIO BAUTISTA ABARCA, by and through Undersigned Counsel, and files this sentencing memorandum and requests a reasonable sentence and states as follows:

1.      **Offense Conduct**

On October 15, 2015, the Defendant and his co-defendants were found by law enforcement aboard a go fast vessel in international waters approximately 45 nautical miles northeast of Serrana Bank. PSR 5 ¶11. The United States Coast Guard interdicted the vessel and directed it to stop, observing the crew jettisoning bales of contraband over the side of the vessel. Id. At ¶12. The Government recovered cocaine totalling 425.9 kilograms after weight by the DEA. Id.

On October 20, 2015, a Federal Grand Jury in the Middle District of Florida returned a two-count indictment naming Mr. Bautista Abarca and his codefendants with one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on a boat subject to United States jurisdiction and the substantive offense of actual possession with intent to distribute, all in violation of 21 U.S.C. 960. On January 21, 2016, Mr. Bautista Abarca entered a guilty plea to count one pursuant to a plea agreement before Magistrate Judge Thomas Wilson. PSR 4 ¶5. The plea agreement calls for a dismissal of count two. Id. The Court accepted the guilty plea and adjudicated Mr. Bautista Abarca

guilty.

2.     **PSR Guideline Calculation**

Mr. Bautista Abarca was responsible for more than 150 but less than 450 kilograms of cocaine, so his base offense level is properly scored at 36. PSR 6 ¶ 18. The PSR scores 2 additional points for possession of a firearm under USSG §2D1.1(b)(1). He then receives 3 points off for acceptance of responsibility bringing his adjusted offense level to 35. Id. at ¶ 27 With a properly scored criminal history category I, his advisory guideline range is 168 to 210 months. Mr. Bautista Abarca disputes this adjusted offense level as he did not possess the firearm involved in this case, and having this enhancement precludes him from the normal 2 points under safety valve provisions.

3.     **Objection to Firearm Enhancement**

Mr. Bautista Abarca objects to the 2 point enhancement for possession of a firearm. At all times during the smuggling venture, Heimar Gregorio possessed the firearm and carried it on his person. Possession can be actual or constructive. *United States v. Iglesias*, 915 F.2d 1524, 1528 (11th Cir.1990). Mr. Gregorio had the firearm on his person throughout the trip, so Mr. Bautista Abarca cannot have actual possession of it. Mr. Bautista Abarca did not have constructive possession either. In order to prove constructive possession, the Government must prove Mr. Bautista Abarca "(1) was aware or knew of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over that firearm*." United States v. Beckles,* 565 F.3d 832, 841 (11th Cir.2009). Adding this 2 point enhancement essentially gives Mr. Bautista Abarca a 4 point enhancement as the safety valve provisions do not apply. In light of Mr. Bautista Abarca's receipt of a 5k motion, this is a significant swing, as Mr. Bautista Abarca would be eligible to be sentenced under the 120 month minimum mandatory. If the Court upholds this objection, Mr. Bautista Abarca would be a level 31 with a guideline range of 108-135 months prior to the application of any 5k motion.

Mr. Bautista Abarca respectfully requests that This Court give a variance from the guideline sentence and impose a sentence of 87 months imprisonment. This would reflect a variance from the guidelines equivalent to a 6 point swing from the PSR calculations: 2 for the firearm, 2 for the safety valve, and 2 for the 5k motion. A district court's discretion is no longer limited by the guidelines since its matrix is now considered merely advisory. *United States v. Booker*, 543 U.S.220, 245-67, 125 S. Ct. 738, 757-69 (2005). Thus, a court is now unencumbered in its ability "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 116 S. Ct. 2035 (1996). The use of the Guidelines in other than an advisory function violates the defendant's Sixth Amendment Rights. *Booker*, 543 U.S. at 244-45, 125 S. Ct. at 757-69 (Part Two, Breyer, J.). Moreover, the contention that the Guidelines enjoy a presumption of reasonableness in the District Courts, has been rejected.

> We repeat that the presumption before us is an appellate court presumption. Given our explanation in Booker that appellate "reasonableness" review merely asks whether the trial court abused its discretion, the presumption applies only on appellate review. The sentencing judge, as a matter of process, will normally begin by considering the presentence report and its interpretation of the Guidelines. [T]he sentencing court] may hear arguments by prosecution or defense that the Guidelines sentence should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or perhaps because the case warrants a different sentence regardless . . . In determining the merits of these arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.

*Rita v. United States*, 551 U.S. 338, 351, 127 S.Ct. 2456, 2465, (2007). (citations omitted).

A variance from the advisory guidelines is warranted in Mr. Bautista Abarca's case, primarily when considering the nature and circumstances of the offense and the history and characteristics of the defendant. In this case, Mr. Bautista Abarca did not actually possess the firearm in this case, which re-

sults in a four point swing of the guidelines if the Court denied the objection for the firearm. Mr. Bautista Abarca is also a diabetic and has had complications related to his pacemaker. PSR 9 - ¶ ¶ 51-52. He also has several children to support. PSR 8 - ¶ ¶45-46. Furthermore, Mr. Bautista Abarca is in his 50's and the chances of recidivism are low. These characteristics make Mr. Bautista Abarca a deserving candidate for leniency from the Court, and granting a variance sentence of 87 months would meet the statutory requirements of 18 U.S.C. §3553.

Respectfully submitted,

*s/Darlene Calzon Barror*
DARLENE CALZON BARROR, ESQUIRE
506 North Armenia Ave.
Tampa, FL 33609
Tel: (813) 877-6970
Fax: (813) 879-2610
Darlene@BarrorLaw.com
Attorney for Defendant
Florida Bar No. 0860379

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically by CM/ECF system which will send an electronic filing to THE OFFICE OF THE ASSISTANT UNITED STATES ATTORNEY, this 5th day of April, 2016.

*s/Darlene Calzon Barror*
DARLENE CALZON BARROR, ESQUIRE